## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1783 | **DATE** | June 26, 2008 |
| **CASE TITLE** | Thomas vs. Circuit Court of Cook County | | |

**DOCKET ENTRY TEXT**

Upon initial review, Plaintiff Charles Thomas's complaint is **dismissed for lack of federal jurisdiction.**

■[ For further details see text below.]  Docketing to mail notices. Mailed AO 450 form

### STATEMENT

Before the Court is Plaintiff Charles Thomas's application for leave to proceed *in forma pauperis*. Because Mr. Thomas has no significant assets and receives little more than $600 a month in social security, the Court finds that he has made the necessary demonstration of poverty. *See* 28 U.S.C. § 1915(a). However, before granting Plaintiff leave to proceed *in forma pauperis*, the Court must also make an initial review of the complaint to determine whether the action: (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). In reviewing the complaint, the Court is mindful of its special responsibility to construe the allegations of a *pro se* complaint liberally. *See Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 555 (7th Cir. 1996).

Mr. Thomas complains of the continuing garnishment of his social security income, pursuant to a March 9, 2004 order of child support arrears entered by the Circuit Court of Cook County. According to his complaint, Plaintiff completed payment of his debt, and he thereafter mailed a motion to dismiss the order of arrears and garnishment to the Clerk of the Circuit Court of Cook County and the State's Attorney on October 3, 2007. Plaintiff alleges that the Circuit Court has deliberately ignored his motion and "arrogantly refuse[d] any responses, or hearings, or dispositions." Plaintiff filed this action under 42 U.S.C. § 1983, alleging that has been denied equal protection of law by the "corruption being imposed upon the plaintiff because of his race, color, age, disability . . . ." Yet, despite the seriousness of these allegations, Plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted and for lack of federal jurisdiction.

Plaintiff's complaint is filed against a non-suable entity. As ably discussed by Judge Shudur in *Clay v. Friedman*, the Circuit Court of Cook County is nothing more than a geographical division, and is not a legal entity capable of being sued under Federal Rule of Civil Procedure 17(b). *See* 541 F.Supp. 500, 504 (N.D. Ill.

**STATEMENT**

1982).  Clearly, Plaintiff's complaint cannot state a claim upon which relief may be granted if it fails to name a defendant subject to suit.

Even if Plaintiff were to refile against a proper party defendant, his complaint still fails to identify what remedy this Court could provide.  To the extent Plaintiff attempts to bring an official capacity claim against the Circuit Court Clerk, an award of money damages would be barred by the Eleventh Amendment.  *See Bolden v. Westamerica Mortgage Co.*, 1998 WL 704165, at *3 (N.D. Ill. Sept. 29, 1998).  An order vacating the state court order of arrears would be contrary to the *Rooker-Feldman* doctrine.  *See Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996).  Finally, an order mandating the Clerk of the Circuit Court to docket Plaintiff's motion seems unwarranted and unwise.  Even had the complaint set forth Plaintiff's compliance with applicable filing procedures and his right to have the clerk docket his motion (which it does not), an original mandamus action before the Illinois Supreme Court seems to provide Plaintiff with an adequate alternative remedy.  *See Barrett v. Finnegan*, 378 Ill. 387, 406 (1941).  Given the Illinois court's ability to provide relief, an order by this Court directing the activities of the state judicial system would be both unnecessary and unseemly.  *Cf. Panko v.Rodak*, 606 F.2d 168, 171 n.6 (7th Cir. 1979).  Accordingly, given Plaintiff's inability to identify a basis for federal court relief, his complaint will be dismissed for lack of jurisdiction.

In light of the above reasons for dismissal, the Court need not reach the question of whether to dismiss the complaint as frivolous.  However, the Court suggests that the failure to docket Mr. Thomas's motion may have a more innocent explanation than the racial or ageist animus alleged and invites Mr. Thomas speak with someone from the Cook County Clerk's office about the status of his current motion or about how to ensure that a newly filed motion complies with all applicable filing requirements.  Mr. Thomas likely will find such a good-faith effort to be the most expedient and satisfying means of securing the relief he desires.